UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 05-CV-155-KKC

ROBERT WILLIAM PETTY                                                                          PLAINTIFF

VS:             **MEMORANDUM OPINION AND ORDER**

D.L. STINE, Warden                                                                             DEFENDANT

\*\*\* \*\*\* \*\*\*

Robert William Petty, an individual presently confined at the United States Penitentiary (USP)-McCreary in Pine Knot, Kentucky, has submitted a self-styled, *pro se* petition for writ of habeas corpus, which the Court has construed as a civil rights complaint requiring a $250.00 district court filing fee, rather than a $5.00 fee for habeas proceedings. Under protest, the plaintiff has now paid the $250.00 fee [Record No. 7].

This matter is before the Court for initial screening. 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997). Also, the plaintiff has filed two "motions" for preliminary consideration. In the first [Record No. 9] he objects to the Court's construction of this action and moves to amend his petition to delete certain language in order to clarify that he is pursuing only a due process claim, not a separate retaliation or discrimination claim. This motion will be granted. However, his second motion [Record No. 10], entitled "Motion in Objection to Order of the July 11th, 2005," asks the Court to reconsider the characterization of his claim for a second time, a request which the Court already refused to do [Record No. 8] and will refuse to do again.

This is a *pro se* pleading and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* pleading must be taken as true and construed in favor of the litigant. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the district court determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

## CLAIMS

The plaintiff claims that his transfers between Bureau of Prisons' ("BOP") prisons have violated his due process rights under the Fifth Amendment to the United States Constitution.

## RELIEF REQUESTED

The plaintiff seeks injunctive relief in the form of an order that he be transferred to a medium security institution closer to Maryland or his home, specifically "Otisville, Butner, Allenwood, etc.," which have all been open for years, rather than future transfers to new federal prisons like his current placement.

## FACTUAL ALLEGATIONS

The following is a summary of the allegations contained in the plaintiff's initiating pleading, which is supported by a 24-page, typewritten memorandum of law and has numerous attached exhibits. [Record No. 1] One of the exhibits reveals that his projected release date is December 9, 2020.

The plaintiff relates several classification/decisions which the BOP has made with regard to an appropriate security placement for him, with various points for a 1983 escape conviction. He eventually received a re-classification as a medium security prisoner in 2003 and was housed in a

medium security institution, the Federal Correctional Institution (FCI) in Allenwood. However, after just 7 ½ months, he was again transferred to his current location, a new federal prison.

The exhibits reveal that the plaintiff immediately sought relief from this decision administratively and that he exhausted his claim, Administrative Remedy No. 354395, at every level of the BOP. His theory was that the transfer was (1) in violation of his liberty interests and due process; (2) retaliatory for his pursuing his administrative remedies, tort claims, and efforts to obtain documents to help establish his innocence; and (3) in violation of his equal protection rights because he was being placed in new institutions merely because of his "being a non-trouble-maker." Exhibit [hereinafter "Ex."] 1.1.

In response, the warden recounts the reasons underlying the plaintiff's several placements, including the most recent one. He and the BOP administrators on Petty's administrative appeals explain that it is "not always possible" for the BOP to grant a closer-to-home placement "due to overcrowding and individual inmate needs." *See* Ex. 2.1, 3.1, and 4.1. They insist that the transfers and present designation are from one medium security prison to another medium security prison, and they have followed policy, in Program Statement 5100.07. All responses inform the plaintiff that his Unit Team will consider him for another transfer after being at USP-McCreary for a period of 18 months with clear conduct.

The plaintiff has now dropped all of his legal claims presented in his supporting memorandum, except the due process challenge, which the Court construes as both a substantive and procedural one.[1] As to the facts, he argues that his transfers now number four, and the last one, to

---

[1] The plaintiff had written sizeable additional sections arguing claims of discrimination and retaliation. He later explained that the descriptions are only to support his due process claim and moved to delete them as separate claims [Record No. 10]. He will get his

3

McCreary, was not according to policy because USP-McCreary is actually a maximum security facility in the severity of the conditions and the caliber of its inmates and so his transfer was from "medium security to maximum security under the guise of an increase population transfer." He insists that his USP-McCreary transfer is totally outside any policy statement. As to the law, the plaintiff contends that although prisoners generally do not have a liberty interest in their security classification or placement, he has a due process claim herein because of the egregiousness of the BOP's action; the arbitrary and capricious use of power against him; and the fact that the change amounted to a "quantum" change in the level of custody, which justified habeas relief in *Pischke v. Litscher*, 178 F.3d 497 (7th Cir. 1999) [*cert. denied*, 528 U.S. 954 (1999)].

## DISCUSSION

The Supreme Court of the United States has repeatedly held that transfers and prison assignments are functions wholly within the discretion of the Bureau of Prisons. *See Olim v. Wakinekona*, 461 U.S. 238 (1983); *Meachum v. Fano*, 427 U.S. 215, *reh'g denied*, 429 U.S. 873 (1976). Federal inmates do not have a liberty interest in remaining free from discretionary transfers to less agreeable prisons. *Id.* at 215. Inmates have no right to be housed in a particular institution or a particular part of an institution. *Montanye v. Haymes*, 427 U.S. 236 (1976); *Powell v. Dep't of Corrections*, 647 F.Supp. 968 (N.D. Okla. 1986); *Grayson v. Rison*, 945 F.2d 1064 (9th Cir. 1991); *Beard v. Livesay*, 798 F.2d 874 (6th Cir. 1986); *Leibowitz v. United States*, 729 F.Supp. 556 (E.D. Mich. 1989), *aff'd without opinion*, 914 F.2d 256 (6th Cir. 1990), *cert. denied*, 499 U.S. 963 (1991).

This is true even "when prison officials, in the exercise of the discretion, determine that a prisoner is an adjustment problem." *Ward v. Dyke*, 58 F.3d 271, 274 (6th Cir. 1995), *cert. denied*,

---

wish. The Court expresses no opinion on the merits of any of these other claims, if any.

116 S. Ct. 524 (1995). The Sixth Circuit has further written the following about procedural due process and the transfer of prisoners from one institution to another:

> [p]risoners do not have a constitutional right to be incarcerated in any particular institution. *See Meachum v. Fano*, 427 U.S. 215 (1976). Moreover, the Supreme Court has held repeatedly that the ability to transfer prisoners is essential to prison management, and that requiring hearings for such transfers would interfere impermissibly with prison administration. *Id.*; *Olim v. Wakinekona*, 461 U.S. 238 (1983); *Montanye v. Haymes*, 427 U.S. 236 (1976). 'Whatever expectation the prisoner may have in remaining at a particular prison so long as he behaves himself, it is too ephemeral and insubstantial to trigger procedural due process protections as long as prison officials have discretion to transfer him for whatever reason or for no reason at all.' *Meachum*, 427 U.S. at 228.

*Id.* at 274.

In short, a prisoner who is filing an extraordinary number of grievances and generating an extraordinary amount of litigation that results in an interference with prison administration, and which causes tension among staff members, and whose transfer is necessary to give prison staff a respite from a continuous barrage of grievances, may be transferred so long as the prisoner does not allege that his fundamental right of access to the courts or his fundamental right to petition for a redress of grievances has been impaired and even when the facility to which he is transferred is less desirable than the facility from which he was transferred. *Id.* "[T]he fact that a prisoner may not like a certain prison location does not automatically transform a valid transfer into a constitutional violation." *Id. at* 275. Also, under *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992), a litigant must first have suffered an injury in fact rather than a merely speculative or possible injury to seek relief from the Court.

The plaintiff's reliance on *Pischke* is curious. The Seventh Circuit therein repeated its earlier language that a transfer may be challenged if the new location is so much more restrictive that he

transfer can be said to have brought about "a quantum change in the level of custody." 178 F.3d at 499 (quoting *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). The Court went on, however, to opine that even if the prisoner goes from "the run of the prison in contrast to the approximation to solitary confinement that is disciplinary segregation," still the plaintiff would be "unlikely" to have stated a due process claim. *Id.* (again quoting *Graham* at 381). The instant plaintiff's description of the conditions at USP-McCreary, even compared to Allenwood, falls far short of even what the Seventh Circuit would question as stating a claim.[2]

A substantive due process violation may arise if an inmate is transferred for exercising a constitutional right or if his transfer amounts to an egregious abuse of governmental power that shocks the conscience. *See Braley v. City of Pontiac*, 906 F.2d 220, 225-26 (6th Cir. 1990). "As a matter of current constitutional law, there are contexts in which it is widely believed that one's substantive due process rights may be violated by conduct that "shocks the conscience" . . . and offends "those canons of decency and fairness which express the notions of justice of English-speaking peoples even toward those charged with the most heinous offenses." *Newell v. Brown, Jr., et al.*, 981 F.2d 880 (6th Cir. 1992), *cert. denied*, 114 S. Ct. 127 (1993) (citing *Rochin v. California*, 342 U.S. 165 (1952) (quoting *Malinski v. New York*, 324 U.S. 401, 416-17 (1945)); *Cf. Mertik v. Blalock, et al.*, 983 F.2d 1353, 1367-68 (6th Cir. 1993); *Wilson v. Beebe*, 770 F.2d 578, 586 (6th Cir. 1985) (en banc).

However, the instant allegations do not reach these well-known standards. Additionally, the

---

[2] *Pischke* also discusses the nature of the action before the court, the prisoners therein having filed a §2241 petition, as the instant plaintiff has done. Like this Court, the court decided that the petitions "really . . . are challenges under 42 U.S.C. §1983 to the conditions in which the inmates are being held . . . ."

Sixth Circuit "has recently expressed the view that '"[a]pplying the 'shock the conscience' test in an area other than excessive force . . . is problematic."'" *Pearson v. City of Grand Blanc*, 961 F.2d 1211, 1217 (6th Cir. 1992) (quoting *Cassady v. Tackett*, 938 F.2d 693, 698 (6th Cir. 1991); *see also Pusey v. City of Youngstown, et al.*, 11 F.3d 652, 657 (6th Cir. 1993), *cert. denied*, 114 S. Ct. 2742 (1994) (citing *Braley v. City of Pontiac*, 906 F.2d 220, 224-225 (6th Cir. 1990)).

## CONCLUSION

The Court concludes that the instant plaintiff has failed to state a claim upon which this Court may grant relief, thus rendering the complaint dismissable summarily. 28 U.S.C. §1915A(b)(1). Accordingly, **IT IS HEREBY ORDERED** as follows:

(1) The plaintiff's motion to amend [Record No. 9] is **GRANTED**;

(2) the plaintiff's motion for reconsideration [Record No. 10] is **DENIED**;

(3) the plaintiff's original discrimination, retaliation, and First Amendment claims are **DISMISSED** without prejudice, and his substantive and procedural due process claims herein are **DISMISSED** with prejudice; and

(4) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the defendant.

This the 3rd day of August, 2005.



Signed By:
*Karen K. Caldwell*
United States District Judge